UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NATHANIEL MONROE** | * | CIVIL ACTION NO. 2:11-cv-2993 |
| **VERSUS** | * | JUDGE: |
| **NEXION HEALTH AT THIBODAUX, INC. D/B/A THIBODAUX HEALTH CARE** | * | MAGISTRATE: |
| | * | JURY DEMAND |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

To the Honorable, The United States District Court for The Eastern District of Louisiana and the Judges thereof:

### COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, NATHANIEL MONROE, who respectfully represents as follows:

### I. PARTIES

1.

Plaintiff, Nathaniel Monroe ("Monroe"), is a person of the full age of majority domiciled in Parish of Lafourche, State of Louisiana.

2.

Defendant, Nexion Health at Thibodaux, Inc. d/b/a Thibodaux Health Care, is a foreign corporation domiciled in the State of Delaware, which, at all times pertinent herein, was authorized to do and/or doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

## II. JURISIDICTION AND VENUE

Jurisdiction is proper in this District pursuant to 28 U.S.C. § 1332(a)(1), as the parties are diverse, and, upon information and belief, the amount in controversy exceeds $75,000. Further, Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## III. FACTS

3.

Defendant, Nexion, owns and operates a nursing home located at 1300 Lafourche Drive, in Thibodaux, Louisiana.

4.

Plaintiff, Nathaniel Monroe ("Monroe"), began working for Nexion on or about August 7, 2007, as a nursing assistant. His primary duties were to provide assistance to elderly residents that included, but were not limited to, feeding, bathing, dressing, and walking the patients.

5.

Plaintiff also supervised the facility's nursing assistants in exercising the patients, monitoring vitals, monitoring their eating habits, and documenting their medical charts.

6.

For his job performance, Monroe was awarded 2008 Employee of the Year. Monroe has been working with the elderly for over thirty years.

7.

On or about December 31, 2009, Monroe discovered that one of the residents had soiled himself shortly after breakfast. Not wanting the resident to have to wait until the afternoon to be bathed, Monroe gave the resident a bath in the facility's whirlpool.

8.

Monroe checked the temperature of the water by hand and began bathing the home resident. Towards the end of his bath, the nursing home resident complained to Monroe that the water was too hot. Upon information and belief, this nursing home resident often complained that his bath water was too hot, whether it was or not.

9.

Nevertheless, Monroe added cold water to the bath to please the nursing home resident. Monroe then completed the resident's bath, dressed him, and began tending to his other duties.

10.

Upon information and belief, Jerri Vaughn, the social service director for the Defendant, was standing outside the whirlpool room door at the time that Monroe was bathing the aforementioned nursing home resident. Although the door was open, Ms. Vaughn never entered the room, and she did not check the water temperature at any time.

11.

Shortly thereafter, Monroe was called into the Defendant's administrator's office and was told that there had been a complaint filed against him. Monroe met with Defendant's employees, Donna Boudreaux, Gail Bell, and Jim Derocher. Monroe was instructed by Donna Boudreaux to go home for the day.

12.

Upon information and belief, Sid Gofrey, the abuse coordinator for Defendant's facility, was not in the meeting with Boudreaux, Bell and Derocher; nor was he called into the meeting at any time, even though it was his responsibility to oversee inquiries concerning alleged abuse of nursing home residents.

13.

Moreover, Defendant did not conduct any investigation into the matter or take statements from other nursing home employees. Which, upon information and belief, would have revealed that this particular nursing home resident frequently complained about his bath water being too hot (whether it was or not).

14.

Rather, shortly after Monroe was sent home by Boudreaux, Defendant Nexion called the police department and reported that Monroe had abused a nursing home resident. Monroe was arrested at approximately 1:00 pm on December 31, 2009, for "cruelty to the infirm".

15.

Monroe was subsequently released on bond.

16.

Upon information and belief, Defendant began searching for other incidents of alleged abuse to further build its case against Monroe.

17.

Defendant made statements to Daily Comet reporter, Raymond Legendre, describing the abuse, even though there was no evidence of any abuse whatsoever.

18.

Monroe was arrested a second time on January 21, 2010, again for cruelty to the infirm, upon information and belief, based on the allegation of Terri Vaughn.

19.

Based on the statements made by Defendant to the police and to the newspaper, Monroe was prosecuted for two charges of cruelty to the infirm.

20.

The charges were ultimately dismissed by The Lafourche Parish District Attorney's office on August 24, 2011, because Plaintiff, Monroe, obtained evidence from co-workers that the charges of nursing home abuse were false.

21.

As a direct and/or proximate result of Nexion's actions described above, Monroe's reputation and career have been ruined by the conduct of Defendant. Defendant is liable for Plaintiff, Monroe's damages pursuant to article 2315, 2316, 2317, and 2320 of the Louisiana Civil Code and include but are not limited to the following:

    a) Lost pay and future wages and benefits;

    b) Loss of reputation;

    c) Injury to character;

    d) Mental distress and/or mental anguish;

    e) Embarrassment;

    f) Emotional distress and/or anguish;

    g) Past and future medical expenses; and

    h) All other relief to be shown at the time of trial.

22.

Monroe requests a trial by jury.

## PRAYER

**WHEREFORE**, the Plaintiff, NATHANIEL MONROE, respectfully requests that this complaint be served on Defendant, Nexion, and for trial by jury; and that, after due proceedings are had, that this Court enter judgment in favor of Plaintiff and against Defendant, NEXION HEALTH AT THIBODAUX, INC. D/B/A THIBODAUX HEALTH CARE, for payment of all damages as requested in this matter, together with legal interest from the date of judicial demand until paid, for all reasonable attorney's fees, interest and costs, that Plaintiff may be entitled to under the law, and for all other legal and/or equitable relief available in the premises.

Respectfully submitted,

**SANGISETTY & SAMUELS, L.L.C.**

By: _____/s/ Ravi K. Sangisetty_____
Ravi K. Sangisetty (LSBA # 30709)
Kara Hadican Samuels (LSBA # 29234)
E-mail: rks@sangisettylaw.com
610 Baronne Street, Third Floor
New Orleans, Louisiana  70113
Telephone:  (504) 558-9478
Facsimile: (504) 558-9482

ATTORNEYS FOR PLAINTIFF,
NATHANIEL MONROE